## HATTY CLAY, RESPONDENT, *v.* HENRY DE B. CLAY, APPELLANT.

*Action for a divorce—a third person accused of committing adultery with the defendant, cannot be made a party to it on her own application—such person will, however, be allowed to appear on the hearing, testify, and summon and examine witnesses.*

Where, in an action brought by a wife to procure an absolute divorce from her husband, on account of his adultery, the complaint alleges that the adultery was committed with a woman named therein, such woman cannot, upon the failure of the defendant to appear and answer, be made a party to the action and be allowed to answer and defend the same upon the merits.

The court will, however, require notice to be given to her counsel of all proceedings to take testimony in the action, and will allow her to be present and cross-examine the witnesses produced, to be herself sworn as a witness and give her testimony, and to have summoned and examined such witnesses as she may desire.

APPEAL from an order denying a motion of one Isabella D. Lyon for leave to intervene and defend this action.

This is an action for divorce on the ground of adultery. The complaint alleges that the defendant committed adultery with Isabella D. Lyon. The summons was issued for service on December 23, 1879. The defendant, having left the State, was served out of the State under an order for service by publication. On the last day for him to appear in this action, namely, April 6, 1880, he made default; but on that day the petitioner, Isabella D. Lyon, presented her petition for leave to intervene and defend. The ground on which the motion to intervene is based, is that the petitioner's good name and character are attacked in this action by the allegations charging the defendant with adultery committed with her.

*James W. Perry*, for the appellant. Under section 452 of the Code of Civil Procedure, the court has power to make the petitioner a party, as well as under the general principles governing a court of equity. (Story Eq. Pl., 5 ed., §§ 72, 137; *Shaver v. Brainerd*, 29 Barb., 25; *Tonnely* v. *Hall*, 3 Abb. Pr., 205;

*Waring* v. *Waring*, Id., 246 ; Story Eq. Pl., 8 ed., § 237, *a* and *b* ; *Schoolmaster* v. *Fraser*, 2 Hagg. Ec., 613 ; *Montague* v. *Montague*, 2 Addams Ec., 372 ; *Wood* v. *Medley*, 1 Hagg. Ec., 645 ; Anon., 15 Abb. Pr., N. S., 171, 307.) The practice of allowing third persons to intervene as parties defendant in suits for absolute divorce, on the ground of being the alleged companions in adultery with the respondent, is fixed and settled in England. (Browning on M. & D., 61, 62 ; *Williams* v. *Williams*, 1 L. R., P. & D., 29 ; *Robinson* v. *Robinson*, 1 S. & T., 363, and many others.) The court can and will, in actions for divorce, receive light from any source that will develop the truth ; and it will frequently of its own motion inquire into matters not involved in the pleadings, in order that its conscience may be relieved from any deceit that might be practiced upon it. The truth herein can be best elicited and the conscience of the court best aided, by the appearance of the petitioner in the action. (*Perry* v. *Perry*, 2 Barb. Ch., 285 ; *Graves* v. *Graves*, 2 Paige, 62 ; *Smith* v. *Smith*, 4 Id., 432 ; Morehead & Brown's Digest, 123 ; *Green* v. *Green*, 7 Ind., 113.)

*W. B. Hornblower*, for the respondent.

Per Curiam :

The utmost that the court could do in such a case as this would be to hear the communications as matter of favor, and there is no express provision of law for such a contingency as the present.

The petition, so far as it prayed for leave to come in and answer and defend upon the merits, was properly denied for want of power.

The court will, however, look to it that the testimony is clear and convincing before granting the plaintiff relief which must necessarily reflect upon, and, *pro tanto*, convict the petitioner. In order that the right of the petitioner, not to be convicted unheard, may be secured so far as consistent with the law in such cases, the order of the court below should be modified by denying the prayer of the petitioner to come in and defend the action as a party, and directing that notice be given to the counsel of the petitioner of all proceedings to take testimony in the action, and that she be allowed to be present and cross-examine the witnesses produced,

and that she be called and sworn as a witness and be permitted to give her testimony, and that such witnesses as she may name be summoned and examined, and, as so modified, affirmed, without costs.

Present—DAVIS, P. J., BRADY and BARRETT, JJ.

Order modified as directed in opinion, and affirmed as modified.